IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMEY TAYLOR SMITH and<br>RYAN ARROW SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN ECONOMY INSURANCE<br>COMPANY and<br>SOUTHLAKE INSURANCE HOLDINGS,<br>LLC,<br><br>    Defendants. | Case No. 23-CV-264-JFH |

## OPINION AND ORDER

Before the Court is a motion to remand ("Motion") filed by Plaintiffs Jamey Taylor Smith and Ryan Arrow Smith (collectively the "Smiths"). Dkt. No. 10. Defendant American Economy Insurance Company ("AEIC") opposes the Motion. Dkt. No. 12. Defendant Southlake Insurance Holdings, LLC ("Southlake") has not appeared. For the reasons stated, the Motion is GRANTED.

## BACKGROUND

The Smiths originally filed this bad faith insurance suit in Sequoyah County District Court within the Oklahoma state courts. Dkt. No. 2-1. They alleged they are residents of Tulsa County, Oklahoma; Southlake is an Oklahoma limited liability company ("LLC") with a principal office in Sequoyah County, Oklahoma; and AEIC is a foreign company that routinely conducts business in Tulsa County. *Id.* The Smiths' state court petition alleged that Southlake negligently failed to procure insurance as promised and that AEIC breached the terms of the insurance that Southlake had procured for them. *Id.* at 2. AEIC removed the suit to this Court. Dkt. No. 2. It claimed that diversity jurisdiction existed between the Smiths and itself and argued that Southlake was fraudulently joined. *Id.*

## AUTHORITY AND ANALYSIS

A lawsuit begun in state court may be removed to federal court if the requirements of diversity jurisdiction are met. 28 U.S.C. § 1441(b). Diversity jurisdiction requires the matter in controversy to exceed $75,000 and to involve citizens of different states. 28 U.S.C. § 1332(a)(1). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

### I. Southlake's Citizenship

The Smiths allege Southlake is an Oklahoma LLC with a principal office in Sequoyah County, Oklahoma. Dkt. No. 2-1. What the Smiths pled would be sufficient to establish citizenship if Southlake were a corporation, as corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c). LLCs, however, are treated as partnerships for citizenship purposes and are therefore citizens of every state in which any of their members are citizens. *Mgmt. Nominees, Inc. v. Alderney Inv., LLC*, 913 F.3d 1321, 1324-25 (10th Cir. 2016) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)); *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (explaining that "in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members").

The Smiths did not plead the citizenship of any of Southlake's members. However, in its removal notice, AEIC describes Southlake as an Oklahoma LLC *with at least one member who is an Oklahoma citizen*. Dkt. No. 2 at 2 (emphasis added).

While the record is thin, the Court construes Southlake to be an Oklahoma citizen for purposes of this Motion for two reasons. First, all factual and legal issues must be resolved in favor of the plaintiff on a remand motion. *Dutcher*, 733 F.3d at 988. Second, AEIC has every reason to question this represented fact, particularly given its fraudulent joinder contention, but it

does not question that Southlake has Oklahoma citizenship by virtue of having at least one member who is an Oklahoma citizen.

## II.   Fraudulent Joinder

"[F]raudulent joinder is an exception to the complete diversity requirement when there is no cause of action stated against a resident defendant or when no cause of action exists." *Long v. Halliday*, 768 F. App'x 811, 813 (10th Cir. 2019).[1]  "Fraudulent joinder is a term of art.  It does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant." *Ervin v. Minnesota Life Ins. Co.*, 2020 WL 2521510, at *2 (E.D. Okla. 2020) (citation omitted).  To prove fraudulent joinder, a removing defendant must establish either actual fraud in the pleading of jurisdictional facts or plaintiff's inability to establish a cause of action against the non-diverse party in state court.  *Dutcher*, 733 F.3d at 988.  "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (quotation omitted).

"The Tenth Circuit has never explained in a published opinion exactly what it meant in *Dutcher* when it said that the party alleging fraudulent joinder must show the 'inability of the plaintiff to establish a cause of action against the non-diverse party.'" *Mayes Cty. FOP Lodge #116, Inc. v. Farmers Ins. Exch.*, Case No. 19-CV-687-JED-FHM, 2020 WL 6136236, at *2 (N.D. Okla. Oct. 19, 2020).  However, "[w]here the Tenth Circuit has upheld the denial of remand, undisputed evidence showed that recovery against the nondiverse defendant was impossible as a matter of law." *Id.*  "Therefore, in the interests of clarity, and consistent with Tenth Circuit

---

[1] Unpublished appellate opinions are not precedential but may be cited for persuasive value.  *See* Fed. R. App. P. 32.1.

3

precedent," Oklahoma federal district courts require "that, in order to demonstrate 'inability of the plaintiff to establish a cause of action against the non-diverse party in state court,' the party asserting federal jurisdiction must show that the plaintiff would have no possibility of recovery against the defendant." *Id.  See also, e.g., S. Sooner Holdings, LLC v. Travelers Indem. Co. of Am.*, No. CIV-21-179-PRW, 2022 WL 17831395, at *2 (E.D. Okla. Dec. 21, 2022); *Floyd v. B.P. p.l.c.*, Case No. 21-CV-132-GKF-CDL, 2021 WL 6064037, at *2 (N.D. Okla. Dec. 22, 2021); *Crabb v. CSAA Gen. Ins. Co.*, Case No. CIV-21-0303-F, 2021 WL 3115393, at *2 (W.D. Okla. July 22, 2021); *Hicks v. FG Mins. LLC*, Case No. CIV-19-203-TDD, 2020 WL 2104928, at *2 (E.D. Okla. May 1, 2020).  This "nonliability . . . must be 'established with complete certainty,'" which is a "more exacting [standard] than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)."  *Hicks*, 2020 WL 2104928 at *2 (quotation omitted); *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

"[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd*, 329 F.2d at 85 (citations omitted).  "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).  "And though the Court may pierce the pleadings, all factual and legal issues must still be resolved in favor of the Plaintiffs." *Sooner Holdings*, 2022 WL 17831395 at *2.

The Smiths used Southlake as their agent when they procured insurance from AEIC.  They claim that Southlake failed to secure coverage for their needs by describing the home's roof as built in 2005 when the Smiths believed it was built in 2015.  In response, AEIC provides a variety

of documents and correspondence purporting to explain the origin of the 2005 roof-age estimation. *See* Dkt. Nos. 12-1, 12-2, 12-3, 12-4, 12-5, 12-6.[2]

The parties fundamentally disagree on the nature of the Smiths' claim against Southlake. The Smiths allege that Southlake misrepresented their home's roof's age without their request or approval, leading to insufficient coverage. They claim that Southlake's carrying over of information provided by a previous owner led to Southlake "procur[ing] Plaintiffs' policy based on demonstrably false information it failed to confirm with Plaintiffs prior to submitting their application." Dkt. No. 15 at 3. *See id.* at 4 ("Southlake's failure to use reasonable care, skill, and diligence in the procurement of Plaintiffs' policy by just leaving the roof at the age of the previous policy breached its duty to Plaintiffs to act in good faith and fair dealing under [Oklahoma insurance law].").

AEIC alleges that the Smiths failed to provide evidence to supplant a prior owner's representation to Southlake that the roof was constructed in 2005. Dkt. No. 12 at 1-2 ("The prior owner represented to [Southlake] that the roof was constructed in 2005. Thus, when Southlake re-wrote the policy for Plaintiffs, having received no updated information regarding the roof, Southlake left the roof's year of installation as 2005. Under the terms of the policy, Plaintiffs are responsible for ensuring that the information therein is accurate." (citations omitted)). AEIC claims that its declarations page "explains that American 'look[s] to [Plaintiffs] to give [their] agent the most complete, up-to-date information in order to protect [their] home and lifestyle'"

---

[2] The amount and conflicting nature of the evidence submitted by both the Smiths and AEIC weighs against AEIC's argument that Southlake's nonliability is a complete certainty. *See Misner v. State Farm Fire & Co.*, No. CIV-14-873-D, 2015 WL 789160, at *2 (W.D. Okla. Feb. 24, 2015) ("The doctrine of fraudulent joinder is not a basis to pre-try the merits of a plaintiff's claims against a resident defendant.").

and the Smiths' failure to read their policy defeats their negligent procurement claim. Dkt. No. 12 at 2 (modifications in original).

The parties agree that in Oklahoma "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). But neither party presents any Oklahoma law on the obligations, or lack thereof, of an insurance agent in "rolling over" information from one property owner's policy to the next property owner's policy.[3] Because of this, construing all factual and legal issues in the Smiths' favor, the Court cannot conclude that recovery from Southlake is impossible as a matter of law. AEIC has not proven that the Smiths' claim against Southlake is "'so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.'" *Montano v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, *2 (10th Cir. April 14, 2000) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir. 1992)).

## CONCLUSION

IT IS THEREFORE ORDERED that the motion to remand [Dkt. No. 10] is GRANTED. This matter is REMANDED to the District Court of Sequoyah County, Oklahoma.

DATED this 15th day of April 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[3] The cases AEIC relies on—*Rotan v. Farmers Insurance Group of Companies*, 83 P.3d 984 (Okla. Civ. App. 2003) and *Cosper v. Farmers Insurance Company*, 309 P.3d 147 (Okla. Civ. App. 2013)—both involved plaintiffs who failed to provide information to their agents that would have been relevant to determining the type or amount of coverage needed during *new* policy applications.