IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMEY TAYLOR SMITH, and<br>RYAN ARROW SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN ECONOMY INSURANCE<br>COMPANY and SOUTHLAKE<br>INSURANCE HOLDINGS, LLC,<br><br>    Defendants. | Case No. 23-cv-264-JFH-DES |

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs Jamey Taylor Smith and Ryan Arrow Smith's ("Plaintiffs") Motion for Attorney's Fees. (Docket No. 20). On May 8, 2024, United States District Judge John F. Heil, III referred this Motion to the undersigned Magistrate Judge for final disposition, pursuant to 28 U.S.C. § 636(b)(1). (Docket No. 24). For the reasons set forth below, Plaintiffs' Motion for Attorney's fees is DENIED.

    I.    Background

Plaintiffs initiated this action on July 7, 2023, by filing a Petition in the District Court for Sequoyah County. The Petition alleges breach of contract and violation of the duty of good faith and fair dealing on the part of Defendant American Economy Insurance Company ("AEIC") and failure to adequately procure insurance coverage on the part of Defendant Southlake Insurance Holdings "(Southlake"). (Docket No. 2, Exhibit 1). AEIC removed the suit to this Court claiming that diversity jurisdiction exists between Plaintiffs and itself and arguing that Southlake was fraudulently joined. (Docket No. 2). On August 28, 2023, Plaintiffs filed their Motion to Remand to State Court. (Docket No. 10). On April 15, 2024, Judge Heil granted Plaintiffs' Motion to

Remand determining that Plaintiffs' claim against Southlake is not so "wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." (Docket No. 18 at 6, citations omitted). Plaintiffs now seek attorney's fees and costs associated with briefing and filing their Motion to Remand.

    II.    Analysis

The standard for awarding attorney's fees turns on the reasonableness of the removal. Absent unusual circumstances, attorney's fees may be awarded under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). Plaintiffs argue AEIC's Removal of this case was objectively unreasonable and was an attempt to prolong the litigation and cause Plaintiffs to incur costs in remanding this case back to state court. (Docket No. 20 at 2). AEIC argues that Plaintiff presents no evidence to support this conclusion (Docket No. 22 at 2) and the Court agrees. Furthermore, AEIC's motive as to the removal is not necessary. The party requesting an award of costs and fees need not demonstrate bad faith on behalf of the removing party to justify the award of costs and fees, however the requesting party is required to show that the removal was improper *ab initio*. *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005). Plaintiffs must show only that AEIC's removal was improper or unreasonable.

Plaintiffs argue AEIC's reliance on "unsound case law was unreasonable." (Docket No. 20 at 3). However, Plaintiffs argument is not supported by the record. District Judge John F. Heil in his Order granting remand determined that both parties failed to provide any Oklahoma law on the "obligations, or lack thereof, of an insurance agent in 'rolling over' information from one property owner's policy to the next property owner's policy." (Docket No. 18 at 6). As such, and because

2

all factual and legal issues were construed in favor of the Plaintiffs', the Court determined it could not conclude that recovery from Southlake would be impossible as a matter of law. *Id.* Nothing in Judge Heil's Order indicates that AEIC's removal was unreasonable; AEIC simply could not meet the heightened standard required to establish "nonliability" with "complete certainty." *Id.* at 4 (citations omitted). Accordingly, Plaintiffs' Motion for Attorney's Fees is DENIED.

   III.   Conclusion

Upon consideration of all the facts and circumstances of this cases' removal and subsequent remand the Court does not believe that Defendant lacked an objectively reasonable basis for seeking removal; therefore, Plaintiffs' request for attorney's fees and costs is DENIED.

DATED this 28th day of October, 2024.

_____
D. Edward Snow
United States Magistrate Judge